**UNITED STATES of America**

v.

**Sadrija RADONCIC.**

No. 2:97–CR–47–1.

United States District Court,
D. Vermont.

Dec. 2, 1997.

William B. Darrow, Asst. U.S. Atty., Burlington, VT, for U.S.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, for Sadrija Radoncic.

## OPINION AND ORDER

SESSIONS, District Judge.

On August 6, 1997, Defendant Sadrija Radoncic ("Radoncic") filed a motion to restrict introduction of evidence concerning alien smuggling charges in New York and Michigan. Radoncic relies upon Fed.R.Evid. 404(b) and 403, arguing that the evidence is being offered to prove propensity to commit this kind of crime. The government proffers such testimony to prove Radoncic's plan, intent, knowledge, opportunity, identity and involvement in a common scheme.

 Generally, evidence of "other crimes, wrongs, or acts" is inadmissible under Rule 404(b) to prove character or criminal propensity. *United States v. Gordon,* 987 F.2d 902, 908 (2d Cir.1993). Such evidence is admissible for a number of other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R.Evid. 404(b). If such evidence is admissible for these purposes, a court must balance the probative value of such evidence against its prejudicial impact under Fed.R.Evid. 403.

The Second Circuit follows an "inclusionary rule, allowing the admission of [other crimes] evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403...." *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994). The Circuit laid down the standards by which Rule 404(b)

issues are to be resolved in *United States v. Colon,* 880 F.2d 650 (2d Cir.1989):

> The standards by which a district court is to assess the admissibility of evidence under Rule 404(b) are now well established. First, the trial court must determine whether the evidence is offered for a proper purpose. Namely, a purpose other than to prove the defendant's bad character or criminal propensity ... if the evidence is offered for such a proper purpose, the district court then must determine whether "[t]he offered evidence [is] relevant, per rules 401 and 402, to an issue in the case, and [whether] the evidence ... satisf[ies] the probative-prejudice balancing test of Fed.R.Evid. 403." Finally, if requested to do so, the court must give an appropriate limiting instruction to the jury.

*Id.* At 656. [citations omitted].

In assessing relevance and probative value, courts often focus on the degree of similarity between the charged offense and the prior acts, among other factors. *United States v. Peterson,* 808 F.2d 969, 974 (2d Cir.1987). A greater degree of similarity increases the relevance of the prior acts. Provided that the prior acts are relevant, a court must then apply the balancing test in Rule 403 to determine whether the probative value is outweighed by its prejudicial impact. *United States v. Gordon,* 987 F.2d at 908.

 Evidence of other acts may be admitted even though the acts occurred after the charged offense. *United States v. Ramirez,* 894 F.2d 565, 568–69 (2d Cir.1990); *United States v. Arroyo–Angulo,* 580 F.2d 1137, 1149 (2d Cir.), *cert. denied,* 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978). However, in such cases, the court must exercise greater judicial scrutiny since subsequent acts may be less probative. *United States v. Jimenez,* 613 F.2d 1373, 1376 (5th Cir.1980).

## I. *New York Smuggling Episode*

 Radoncic was arrested by federal authorities in Champlain, New York on July 29, 1996, for alien smuggling. Those charges had numerous similarities to the Vermont indictment. The New York charges also involved two Yugoslavians. Both aliens had

flown from Yugoslavia to Frankfurt using their real names, and from Frankfurt to Montreal under false German identification. Radoncic had arranged and purchased the tickets, while another individual transported the aliens across the border. As in the Vermont charges, Radoncic was to meet the aliens at a local MacDonald's Restaurant. He was arrested in New York at the Mac-Donald's restaurant while signaling the two aliens to get into his car.

The evidence of alien smuggling activity in New York is offered to prove plan or common design. The similarity between the Vermont and New York charges make that purpose particularly relevant. With the exception of location, the Vermont and New York acts are virtually identical, showing a similar modus operandi.

The New York charges are also relevant to prove knowledge, intent, identity and absence of mistake. Radoncic was arrested in the general location of the crime. According to Radoncic, the government can tie him in to the offense by circumstantial evidence only, since there were no admissions. Evidence of other acts to establish knowledge, intent, identity and absence of mistake becomes extremely probative in situations in which the government lacks direct evidence of guilt.

The Court finds that evidence of alien smuggling activity in New York in July 1996 is relevant to Radoncic's common plan with the instant offense, as well as his knowledge of the illegal activity in Vermont. Despite occurring approximately six months after the Vermont charges, the New York episode is so similar to the instant charges as to reflect a common plan which extended in time well after the filing of the Vermont charges. The probative value of such evidence is significant in light of the lack of much direct evidence of guilt and is not substantially outweighed by its prejudicial impact. Radoncic's motion in limine to exclude evidence concerning the New York charges is denied.

### II. *Michigan Alien Smuggling Episode*

■ Radoncic was indicted for alien smuggling in the Eastern District of Michigan in 1993. The indictment charged a pattern of smuggling activity occurring between January 1993 and April 1993, involving numerous illegal aliens. Five individuals were involved in the smuggling activity. With the exception of Radoncic, none of the other alleged co-conspirators was mentioned in the Vermont indictment. The Michigan charges remain outstanding.

The government relies upon two similarities between the Vermont and Michigan charges. First, in both cases Radoncic played a behind-the-scenes organizational function. Second, Radoncic was responsible for transporting the aliens once they were in the United States. However, the differences between the Vermont and Michigan charges far exceed the similarities. The Michigan charges involve different co-conspirators, many more illegal aliens, repeated trips across the border, no proof of Radoncic's purchase of airplane tickets, and the exchange of large sums of money. There is also almost a three year gap in time between offenses.

The government proffers the Michigan acts as evidence of knowledge, identity, opportunity, intent, and absence of mistake. The government argues that it must prove knowledge and intent and that the Michigan evidence is particularly probative on those issues since there is no direct evidence in the Vermont case to establish those elements. Its claim is dependent partly upon the Radoncic's denial of knowledge or intent in explaining either his presence in Vermont or his purchase of the airplane tickets.

The probative value of evidence of the Michigan acts is reduced due to its age and dissimilarity of fact patterns to the Vermont charges. Evidence that Radoncic was part of a much larger conspiracy a number of years ago involving smuggling many aliens for large sums of money is highly prejudicial since it may lead jurors to infer guilt based upon propensity to commit this kind of offense.

At this stage, the Court finds that the prejudicial impact of the Michigan evidence substantially outweighs its probative value. Such evidence is excluded under Rule 403. This ruling, however, is subject to reconsideration based upon the evidence introduced

at trial. Such evidence may generally be admissible to refute or contradict evidence or arguments raised by Radoncic. For example, if Radoncic proffers evidence of lack of knowledge concerning smuggling operations or lack of intent as a defense to the Vermont charges, the Court will reconsider its exclusion of this evidence.

### III. *Order*

For the reasons cited above, Radoncic's Motion in Limine (paper 30) in GRANTED IN PART and DENIED IN PART.